**In re Peter James NICKITAS, Member of the Bar.**

**No. 05–8004.**

United States Court of Appeals for Veterans Claims.

Nov. 10, 2005.

Before GREENE, Chief Judge, and KASOLD and HAGEL, Judges.

## ORDER

PER CURIAM:

On August 11, 2005, the Minnesota Supreme Court suspended attorney Peter James Nickitas (respondent) from the practice of law in Minnesota for a period of 90 days, commencing August 25, 2005. On September 15, 2005, this Court received a copy of the suspension order from the Office of Lawyers Professional Responsibility in St. Paul, Minnesota.

Pursuant to Rule 4(c)(1)(A) of the Court's Rules of Admission and Practice (Rules), the respondent was obligated, not later than ten days after its occurrence, to provide written notification to the Clerk of the Court of the suspension. *See* U.S. Vet.App. R. Adm. & Prac. 4(c)(1)(A). The Court did not receive any such communication from the respondent.

On September 21, 2005, the Court issued an order temporarily suspending the respondent from practice before the Court pending the conclusion of these proceedings. *See* U.S. Vet.App. R. Adm. & Prac. 7(d)(1)(B). On the same date, the matter was referred to the Court's Standing Panel on Admission and Discipline (Panel) for consideration and action pursuant to the Rules. *See In Re Standing Panel on Admission and Discipline,* Misc. No. 9–05, —— Vet.App. —— (Sept. 12, 2005) (en banc order).

On October 17, 2005, the Court received a submission from the respondent in which he asks the Court to impose a reciprocal 90–day suspension to run concurrently with the Minnesota Supreme Court order. In support of his request, he states his intent to comply with the Court's September 21, 2005, order, maintains that he has never had litigation before the Court, and contends that he complied with the Minnesota Rules on Lawyers Professional Re-

sponsibility by timely disclosing to Minnesota bar authorities his membership in this Court's bar. He also states that he provided notice of his suspension to the Board of Veterans' Appeals on August 22, 2005.

In matters such as this, in which the Court has received evidence that a practitioner has been disciplined by another court, Rule 7(d)(2)(B) anticipates that the Panel will issue to the respondent an order to show cause why identical or similar discipline should not be imposed by this Court. *See* U.S. VET.APP. R. ADM. & PRAC. 7(d)(2)(B). Here, however, the respondent's request for reciprocal discipline eliminates the need for a show-cause order.

Upon consideration of the foregoing, and pursuant to Rules 7(d)(3)(B) and 14, it is

ORDERED that attorney Peter James Nickitas is suspended from practice before this Court until November 23, 2005. Reinstatement, however, will occur only after compliance with Rule 11(a)(2) (procedures for reinstatement after concurrent suspension).